In the Matter of the Petition of EDWIN B. MEAD, as Administrator, etc., of HESTER J. HARTMAN, Deceased.

Surrogate's Court, Albany County, July 23, 1925.

Executors and administrators — sale of real property under Surrogate's Court Act, § 234, subd. 6, where one of persons interested is incompetent — order denied for failure to comply with Surrogate's Court Act, § 236, requiring showing that personal property is not sufficient to pay debts — sale not ordered prior to judicial settlement.

A surrogate will not order the sale of certain real estate under subdivision 6 of section 234 of the Surrogate's Court Act for payment and distribution of the respective shares of the persons entitled thereto, where one of the persons so entitled is an incompetent person, unless there is a compliance with section 236 of the Surrogate's Court Act, which requires a statement of facts showing that the personal property left by the decedent is insufficient for the payment of the just demands and charges against the estate.

*It seems*, that such a sale should not be ordered before the judicial settlement of the administrator's account.

PROCEEDING for sale of real property for payment and distribution of shares of parties entitled thereto.

*Charles Irving Oliver*, for the petitioner.

*John H. Gleason*, for Nellie Mead Rooney, respondent.

LAWYER, S.:

Letters of administration were granted to the petitioner December 1, 1924.

The personal property of decedent amounted to about $7,000. From this sum the administrator has paid the funeral expenses and transfer tax. It is alleged that there are no debts or claims against

the decedent or any heir at law or next of kin or persons interested in the real or personal estate of the decedent, that are secured by mortgage or are otherwise a lien or charge upon the real property of decedent, which consists of one parcel of land situate in the town of New Scotland.

The petition asks the court to decree that this property be sold for the payment and distribution of the respective shares of the parties interested.

This application is made pursuant to the provisions of section 234, subdivision 6, of the Surrogate's Court Act, which specifies the purposes for which the real estate of a decedent is subject to disposition. The statute is as follows: " For the payment and distribution of their respective shares to the parties entitled thereto, where any or all of said parties are infants, proven or adjudged incompetents, absentees, or persons unknown, whenever in his discretion the surrogate may so direct."

One of the persons interested in the real property of decedent is an adjudged incompetent person.

In my opinion, in order to secure a sale of real property for any purpose specified in section 234, a compliance with the requirements imposed by the provisions contained in section 236 is essential. It is there provided that at any time after appointment and qualification, an executor or administrator may apply for an order to sell real property of a decedent for any of the purposes specified in section 234, by presenting a verified petition, setting forth facts showing that the personal property left by decedent is insufficient for the payment of the just demands and charges against the same, which petition shall contain a schedule of the funeral expenses and claims presented to and allowed by him.

A sale of real property, under section 234, subdivision 6, appears to be excluded by the provisions contained in the first part of section 236, in that the only sale contemplated is for the purpose of paying just demands and charges against the estate; for otherwise there would be no reason for including those requirements in the petition.

It is also provided by section 236 that any party to a proceeding upon a judicial settlement may allege and show by the proof such facts and circumstances as are required to give the court jurisdiction to order the sale of real property for any of the reasons specified in section 234.

This proceeding is not on judicial settlement of the administrator's account.

It is urged that the court should grant the order prayed for,

because the proceeds derived from the sale of the real property may be withheld until judicial settlement of the administrator's account, as provided by section 242.

That portion of the statute which relates to the execution of the order of sale and decree of judicial settlement and directs the withholding of the proceeds of sale, is as follows:

" Except that no decree of distribution or disposition of the proceeds shall be made in a proceeding commenced within six months from the grant of letters, until the time for the presentation of claims as fixed by a notice duly published has expired, or one year has expired since letters were first issued, and until all known creditors and persons interested who are not parties to the proceedings have been brought in or have appeared."

The statute does not provide for ordering a sale for the purpose of distribution and withholding distribution of the proceeds until judicial settlement.

If a sale should be made before a judicial settlement, creditors, unknown at the time of granting the order, might be prejudiced; for, although the proceeds of sale might be held until a judicial settlement before being distributed, creditors are entitled to notice of a proceeding to sell realty, so that they may later have no reason for complaint that the property was sold for an inadequate consideration.

It further appears that, before this proceeding was instituted, an action for partition of the real property referred to had already been commenced in the Supreme Court. That action is now pending.

Upon the ground that the court is not authorized in this proceeding to grant the relief prayed for, and in the discretion of the surrogate, the application is denied.

Decreed accordingly.